**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Spencer Fleek, et al.,

Plaintiffs,

v.

Richard Whitley, et al.,

Defendants.

Case No. 2:26-cv-02418-DJA

**Order**

On August 31, 2026, Defendants Clark County, Jill Marano, Kevin Schiller, and Morena Valdivieso moved to dismiss Plaintiffs' complaint. (ECF Nos. 8, 9). On October 5, 2026, Plaintiffs, Clark County, Schiller, Marano, and Valdivieso stipulated for Plaintiffs to amend their complaint. (ECF No. 23). The Court granted that stipulation and on October 9, 2026, Plaintiffs filed their amended complaint. (ECF No. 25). "It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (internal quotations omitted). So, the Court denies Defendants' motions to dismiss the prior, now superseded complaint (ECF Nos. 8, 9) as moot.[1]

[1] The Court notes that certain parties have not yet appeared in this action and therefore have not consented to the jurisdiction of the undersigned magistrate judge. *See Williams v. King*, 875 F.3d 500, 501 (9th Cir. 2017) (explaining that "28 U.S.C. § 636(c)(1) requires the consent of all plaintiffs and defendants named in the complaint—irrespective of service of process—before jurisdiction may vest in a magistrate judge to hear and decide a civil case that a district court would otherwise hear"). However, the undersigned finds that denying the motions to dismiss the now-superseded complaint without prejudice as moot is a non-dispositive decision because it does not dispose of any claims or defenses or deny any ultimate relief sought. *See S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013) (explaining the difference between a dispositive motion and a nondispositive motion for purposes of magistrate judge jurisdiction); *see Bastidas v. Chappell*, 791 F.3d 1155, 1165 n.8 (9th Cir. 2015) (explaining that a magistrate judge's order directing the clerk to strike a motion to dismiss, which order was without prejudice, was a "quintessential housekeeping matter[]" and so the magistrate judge was authorized to issue it); *see Florence v. Stanback*, 607 F.Supp.2d 1119, 1121 (C.D. Cal. 2009) (explaining that

**IT IS THEREFORE ORDERED** that Defendants Clark County, Marano, Schiller, and Valdivieso's motions to dismiss (ECF Nos. 8, 9) are **denied without prejudice as moot.**

DATED: October 14, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

because a motion to dismiss "was denied without prejudice to defendants' rights to raise the same arguments and/or defenses in another motion, the Magistrate Judge's order did not exceed his jurisdiction"). Indeed, the parties may still move to dismiss the amended complaint. However, if any party disagrees, they have the right to file an objection, in which event the undersigned will direct the Clerk's office to assign this case to a district judge to determine that objection.